# EXHIBIT "A"

## DEFINITIONS

The following definitions are to be used with respect to these documents:

A.      The "ACCOUNTS" shall mean and refer to the following SunTrust Bank accounts:

   a. Account Number 209364251; and

   b. Account Number 810455498.

B.      "ALL" shall mean each, any and all.

C.      "BANK RECORDS" shall mean and refer to account statements, signature cards, account applications, wire transfers (in and out) and any other DOCUMENT evidencing deposits, withdrawals, balances and/or other account activity.

D.      "COMMUNICATION(S)" shall mean any dissemination of information by transmission or a statement from one person to another or in the presence of another, whether by writing, orally or by action or conduct, including but not limited to, written notes, electronic communications with attachments, verbal conversations and visual notations.

E.      "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

F.      "DOCUMENT" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by and/or stored on or through any of your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards or any other data storage media or mechanisms) or any other electronic data. This includes, but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages, and/or

text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

      G.      "CRYPTO CAPITAL" shall mean and refer to Crypto Capital, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

      H.      "CRYPTO CAPITAL CORP" shall mean and refer to Crypto Capital Corp, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

      I.      "ELIGIBILITY" shall mean and refer to Eligibility Criterion (also known as Eligibility Criterion Unipessoal LDA), and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

      J.      "FLETCHER" shall mean and refer to Diana Fletcher, and her employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

      K.      "FOWLER" shall mean and refer to Reginald Dennis Fowler, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

      L.      "T. FOWLER" shall mean and refer to Trent Dennis Fowler, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

      M.      "GTS SWITZERLAND" shall mean and refer to Global Trade Solutions AG, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

N.      "GTS US" shall mean Global Trading Solutions LLC, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

O.      "GTS UK" shall mean and refer to G.T.S. Resources Limited, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

P.      "IDENTIFY," with respect to banking account information, means to provide (a) the vesting/full name on the account, (b) account number, (c) names of authorized signers on the account, (d) address of bank branch where each account was opened, and (e) date each account was opened.

Q.      "IFINEX" shall mean and refer to iFinex Inc. and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf. For the purposes of this definition, it shall also include and otherwise cover the commonly referred to trade name Bitfinex and its corresponding website address at bitfinex.com.

R.      "IWANAGA" shall mean and refer to Katsuyoshi Iwanaga, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

S.      "MOLINA" shall mean and refer to Ivan Manuel Molina Lee, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

T.      "MONROE" shall mean and refer to Rondell "Rhon" Clyde Monroe, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf

U.      "NLE" shall mean and refer to NLE Consulting Group, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

V. "O. YOSEF" shall mean and refer to Ozzie Yosef a/k/a Ozzie Joseph, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

W. "R. YOSEF" shall mean and refer to Ravid Yosef, and her employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

X. "SPIRAL" shall mean and refer to Spiral Global Development Limited, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

Y. "STAFFORD" shall mean and refer to David Anthony Stafford, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

Z. "TCA BANK" shall mean and refer to TCA Investment Bancorp & Trust Company and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf

AA. "YOU" shall mean and refer to Citibank, N.A., and your subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on your behalf.

BB. The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

CC. Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Documents were located when the request was served) or shall be organized and labeled to correspond to the categories of Documents requested.

DD. You are instructed to produce any and all Documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative).

EE. To the extent the location of any Document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location, and describe the basis upon which the estimate is made.

FF. If any Document request is deemed to call for disclosure of proprietary data, counsel for movant is prepared to receive such data pursuant to an appropriate confidentiality order.

GG. To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when the document was prepared and who has seen the Document; and (4) identify every other Document which refers to or describes the contents of such Document.

HH. If any document has been lost or destroyed, the Document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

II. The relevant period of time for purposes of this Subpoena is from November 1, 2016, through the present, unless otherwise specified below.

## ITEMS TO BE PRODUCED

1. ALL BANK RECORDS for the ACCOUNTS.

2. ALL COMMUNICATIONS concerning, referring to or relating to the ACCOUNTS.

3. ALL BANK RECORDS for any account for which FOWLER is a signer and/or authorized individual.

4. ALL BANK RECORDS for any account held in the name of CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

5. ALL COMMUNICATIONS concerning, referring to or relating to any account held in the name of CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

6. ALL COMMUNICATIONS between or among YOU and/or CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

7. ALL COMMUNICATIONS between or among YOU and/or FLETCHER, IWANAGA, MONROE, and/or STAFFORD concerning, referring to or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

8. ALL COMMUNICATIONS in YOUR possession, custody, or control that were sent to or received from any banking institution concerning the transfer of funds to or from CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY,

FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

9. ALL DOCUMENTS concerning, referring to, or relating to the transfer of funds to or from CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

10. DOCUMENTS sufficient to IDENTIFY ALL banking accounts owned, controlled, or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

11. ALL COMMUNICATIONS in YOUR possession, custody, or control concerning, referring to, or relating to IFINEX or Bitfinex.

12. ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF SPIRAL, and/or TCA BANK.

13. ALL DOCUMENTS reflecting any transfer of funds – whether by wire transfer or otherwise – to or from CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

14. ALL COMMUNICATIONS in YOUR possession, custody, or control, with any bank, financial institution, or other company or individual concerning or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

15. ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with any bank, financial institution, or other company or individual concerning or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.